## LONZO LEWIS V. THE STATE.

No. 19404. Delivered February 16, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

Oxford & McMillan, of Stephenville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense is the theft of property over the value of $50.00, and punishment assessed at two years in the penitentiary.

The statement of facts is unduly prolonged and consists of 133 pages of matter, which could have been materially shortened. However we have carefully read the same, and the facts seem sufficient to maintain the jury's verdict.

Appellant represented himself upon the trial of his case, and took no bills of exception to any action of the court, and we find no rulings of the court complained of in the record. However, in an able and carefully prepared brief, his later employed attorney advances the proposition that there is a fatal variance between the allegation and the proof in that in the first count of the indictment, it being the one submitted to the

jury, and upon which a conviction was had, the ownership and possession of the property alleged to have been stolen was laid in Doc Wood, when in reality such possession was in Nellie Lewallen, who was alleged to be the owner in the second count of the indictment, which was not submitted to the jury.

The facts relative to such ownership and possession, shown in the record, were that Doc Wood owned a home in Mingus, in Palo Pinto County, and a garage or automobile repair shop located adjacent thereto. That in such shop and lying on the ground around same was the property alleged to have been stolen. That some time prior to the alleged theft Mr. Wood had rented the house to Mrs. Lewallen while he was absent in another town with a sick daughter, but he visited such house and shop at intervals while staying with such sick daughter. In fact he had been at such shop about two days before the alleged theft, and testified that such alleged stolen articles were in their accustomed place on such date.

The jury convicted the appellant on the first count in the indictment, charging theft from the possession of Doc Wood, and complaint is made that such was a fatal variance, the contention being that the proof shows the possession to have been in Mrs. Lewallen.

Article 402, C. C. P., provides: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. * * *." In Rupard v. State, 122 Texas Crim. Rep. 28, we find a case of rather similar facts in which, after a discussion of the cases relative thereto, it is held that ownership could be alleged in either the actual owner at the time of the taking, or the special owner, or one in possession at the time of the taking. The facts in the instant case however, in our opinion, show the ownership and possession both to have been in Doc Wood, and we find no error in the matter complained of.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The only count submitted to the jury alleged ownership and possession in Wood. Appellant insists that a variance occurs, claiming that the evidence shows possession to have been in Mrs. Lewallen. A review of the facts does not lead us to the conclusion that any such variance appears. The stolen property was left by its owner Wood in and around his shop, with instructions to Mrs. Lewallen and her son to look

180

after it during the owner's temporary absence, and not let anyone take the property. Appellant admits in his own testimony that he knew Mrs. Lewallen had no authority to dispose of the property because she told him so, and referred him to the owner, Mr. Wood. The facts show that Mrs. Lewallen was perhaps the mere custodian of the property, but with no such care, control and management as constituted her a special owner. See 41 Tex. Jur., page 47, Sec. 32, and Branch's Ann. Texas P. C., page 1323. Many illustrative cases are cited in each text referred to.

Appellant's defense was that he bought the property from a son of Mrs. Lewallen. This defensive issue was pertinently submitted and the jury found against appellant.

Believing the case was properly disposed of originally, appellant's motion for rehearing is overruled.